**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
Larry L. Turner, *admitted pro hac vice*
Kimberley E. Lunetta
502 Carnegie Center
Princeton, NJ  08540-6241
609.919.6600
Attorneys for Defendant
Millennium Broadway Hotel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FREDDRICK MCMILLAN,** <br>      **Plaintiff,** <br><br> **-vs.-** <br><br> **MILLENNIUM BROADWAY HOTEL,** <br>      **Defendant.** | **09 CV 6053 (PGG)(FM)** <br><br> **CIVIL ACTION** <br><br> **MILLENNIUM BROADWAY HOTEL'S PROPOSED JURY INSTRUCTIONS** |

   Pursuant to Hon. Paul G. Gardephe's Individual Trial Practices and the

October 5, 2011 Order of this Court, Millennium Broadway Hotel ("Hotel"), by

and through its attorneys, Morgan, Lewis & Bockius LLP, hereby submits the

following requests to charge the jury:

DEFENDANT'S PROPOSED CHARGE # 1

Members of the Jury:

Now that you have the evidence, it becomes my duty to give you instructions concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 2

**(Role of the Attorneys)**

The lawyers are here as advocates for their clients.  In their opening statements and in their closing arguments they have given you their views of the evidence and their arguments in favor of their client's position.  While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you.[1]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[1] Eighth Circuit Model Civ. Jury Instr. § 1.02 (2011).

DEFENDANT'S PROPOSED CHARGE # 3

**(Role of the Jury)**

You sit here as judges of the facts.  You alone have the responsibility of deciding the factual issues in this case.  It is your recollection and evaluation of the evidence that controls.  If the attorneys or I say anything about the facts in this case that disagrees with your recollection of the evidence, it is your recollection upon which you should rely.

Your decision in this case must be based solely on the evidence presented in this case and my instructions on the law.[2]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[2]      Eighth Circuit Model Civ. Jury Instructions § 1.02 (2011).

DEFENDANT'S PROPOSED CHARGE # 4

**(The Evidence)**

The evidence in this case consists of:

1.      the testimony you have heard from the witnesses;

2.      the exhibits that have been admitted into evidence;

3.      the answers to interrogatories that have been read into the record; and

4.      the stipulations and admissions that were placed on the record. As you recall, the stipulations and admissions are facts that the parties agree are true.  Therefore, you can accept all admissions and stipulations as true in your deliberations.

Any testimony that I have stricken from the record is not evidence and should not be considered by you in your deliberations.  This means that even though you may remember the testimony, you are not to use it in your deliberations.

Further, if I gave a limiting instruction as to how to use certain evidence, that evidence must be considered by you for that purpose only. You cannot use it for any other purpose.[3]

---

[3]      Eighth Circuit Model Civ. Jury Instructions § 1.02 (2011).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 5

**(Burden of Proof)**

Mr. McMillan bears the burden of proof to establish his claim by a preponderance of the evidence.  In other words, he has made certain allegations and he must prove those allegations.

In this action, Mr. McMillan has the burden of establishing by a preponderance of the evidence all of the necessary facts to prove that he experienced harassment on the basis of his race, sufficient to create a hostile work environment, in violation of Title VII, Section 1981 and the NYCHRL.[4]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[4]     McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (Title VII); Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989) (Section 1981); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (Section 1981); Okayama v. Kintetsu World Express (U.S.A.), Inc., No. 0111494/2005, 2008 WL 556257 (N.Y. Sup. Ct. June 12, 2008) (NYCHRL).

DEFENDANT'S PROPOSED CHARGE # 6

**(Preponderance of the Evidence)**

First, I want to instruct you on the phrase "preponderance of the evidence." Preponderance of the evidence means that amount of evidence which causes you to conclude that the allegations are probably true. To prove an allegation by the preponderance of the evidence, a party must convince you that the allegation is more likely true than not true.[5]

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence. Therefore, the party having the burden of proving that issue has failed with respect to that particular issue.

The right of each party to have the other party bear the required burden of proof is a substantial one and is not a mere matter of form. Proof need not come wholly from the witnesses produced by the party having the burden of proof, but may be derived from any believable evidence in the case. Proof of "possibility" as distinguished from "probability" is not enough.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[5]     Eleventh Cir. Pattern Civ. Jury Instr. § 6.1 (2005).

DEFENDANT'S PROPOSED CHARGE # 7

**(Direct and Circumstantial Evidence)**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence consists of a chain of circumstances pointing to the existence of certain facts.  Circumstantial evidence is based upon deductions or logical conclusions that you reach from the direct evidence.

You may consider both direct and circumstantial evidence in deciding this case.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.[6]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[6]   Third Circuit Model Civ. Jury Instr. § 1.06 (2010).

DEFENDANT'S PROPOSED CHARGE # 8

**(Opening Statements and Closing Arguments of Counsel)**

You will recall that at the beginning of this trial the attorneys for the parties made opening statements in which they outlined what they expected to prove. The purpose of those statements was to give you each party's position. However, what was said in those statements does not constitute evidence. The only evidence upon which you may base your decision is evidence that came: (1) from the witness stand; (2) from documents or other exhibits; or (3) in the form of stipulations of undisputed facts introduced during the trial.

Upon completion of the submission of evidence, the attorneys again addressed you in a closing argument or summation. In summing up, the attorneys pointed out to you what they contend the evidence has shown, what inferences they believe you should draw from the evidence introduced, and what conclusions they believe you should reach as to the facts in this case. What was said by the attorneys in summation is not evidence. Closing arguments are made in order to present to you the arguments of each side based on the evidence that was already presented to you.[7]

---

[7]    See Eighth Circuit Model Civ. Jury Instr. § 1.06 (2011); 9th Cir. Crim. Jury Instr. 1.12 (2003); 9th Cir. Civ. Jury Instr. 1.19 (2007); Federal Judicial Center, Pattern Criminal Jury Instructions 1 (1988); Kevin F. O'Malley, et al., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS:  Civil § 101.02 (5th ed. 2000).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 9

**(Conduct and Statements by Counsel)**

At times during the trial, the attorneys voiced objections to the introduction of evidence.  At other times, the attorneys made motions concerning legal issues. Sometimes you were asked to leave the courtroom so that I could listen to the attorneys' arguments in connection with such objections or motions.  You should not hold it against an attorney or his client because the attorney has made objections, nor should you form an opinion about the case because I sustained or overruled an objection.

During the course of the trial, counsel for both parties may have made statements as to facts.  The statements of counsel are not evidence and should not be considered as evidence unless such a statement or statements were made expressly as admissions or stipulations which admitted or stipulated to the undisputed fact or facts.[8]

*[In addition, you will recall that I asked questions of many of the witnesses on both sides.  These questions were asked solely for clarification for your benefit. You must not conclude based on any of my questions, comments, or rulings that I hold any views for or against either of the parties or any of their witnesses.]*

---

[8]     Eleventh Circuit Pattern Civ. Jury Instr., Preliminary Instructions (2005).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 10

**(Rulings on Admissibility)**

From time to time I have been called upon to rule upon the admissibility of certain evidence.  You should have no concern with the reasons for any such rulings.  Do not draw any inferences or conclusions from them.  Whether offered evidence is admissible is purely a question of law for the Court to resolve.  In admitting evidence to which an objection has been made, I do not decide what weight should be given to that evidence, nor do I decide on the credibility of the evidence.  That is your function as jurors.  Of course, you must dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the Court.  Also, you must not speculate or guess about any discussion between Court and counsel held out of your hearing.[9]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[9]     Eleventh Cir. Pattern Jury Instr., Preliminary Instructions (2005).

DEFENDANT'S PROPOSED CHARGE # 11

**(Credibility)**

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, only part of it, or none of it.  In deciding what to believe here are some factors you may want to consider:

1.  Does the witness have an interest in the outcome of this case?

2.  How good and accurate is the witness's recollection?

3.  What was the witness's ability to know what he or she was talking about?

4.  Were there any contradictions or changes in the witness's testimony?  Did the witness say one thing at one time and something different at some other time?  If so, you may consider whether or not the discrepancy involves a matter of importance and whether it results from an innocent mistake or a willful lie.  You may consider any explanation that the witness gave in explaining the inconsistency.

5.  You may consider the demeanor of the witness.  By that I mean the way the witness acted, the way the witness talked, or the way the witness reacted to certain questions.

6.  Use your common sense when evaluating the testimony of a witness.  If a witness told you something that did not make sense, you have a right to reject that testimony.  On the other hand, if what the witness said seemed reasonable and logical, you have a right to accept that testimony.

7.  Is the witness' testimony reasonable when considered in light of the evidence that you believe?[10]

---

[10]     Third Cir. Model Civ. Jury Instr., General Instruction § 1.7.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 12

**(Witness Impeachment)**

The testimony of a witness may be discredited or impeached by showing that she or he has previously made statements that are inconsistent with his or her present testimony. The prior statement is admitted into evidence solely for your consideration in evaluating the credibility of the witness. You may consider the prior statement only for the purpose of evaluating the truthfulness of the witness's present testimony in court. You must not consider the prior statement as establishing the truth of any fact contained in that statement. If you believe that any witness has been thus impeached and discredited, it is your exclusive decision to give this in-court testimony such weight, if any, as in your judgment it is fairly entitled to receive.[11]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[11]    See Kevin O'Malley, Jay Grenig, & William Lee, 3 Fed. Jury Prac. & Instr. § 105.09 (5th ed.)

DEFENDANT'S PROPOSED CHARGE # 13

## (INDIVIDUAL V. CORPORATION)

In your deliberations you must not consider the fact that Mr. McMillan is an individual while the Hotel is a corporation.  A corporation is entitled to the same fair trial as a private individual.  It is important to bear in mind that a corporation can only act through human hands and the decisions people make.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.  You must weigh and consider this case without regard to sympathy, prejudice, or passion against any party to the action.  In reaching your verdict, you must not consider anything other than the evidence which has been presented to you in this action.  Both the parties in this case and the public have a right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it for you, and then reach a just verdict regardless of the consequences.[12]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[12]    Seventh Cir. Civ. Jury Instr., General Instruction § 1.03 (as revised).

DEFENDANT'S PROPOSED CHARGE # 14

**(Hostile Work Environment Harassment by Supervisor) – 42 U.S.C. §2000(e) et. seq.,**
**("Title VII") and 42 U.S.C. § 1981("Section 1981"))**

Mr. McMillan alleges that he was subjected to a hostile work environment because of his race.  The Hotel maintains that Mr. McMillan did not experience severe or pervasive harassment sufficient to materially alter the terms and conditions of his employment, and that when Mr. McMillan raised concerns about conduct by others, the Hotel promptly investigated and took appropriate remedial action.

To establish his claim of a racially hostile work environment under Title VII and Section 1981 based on conduct by a supervisor, defined as a person with immediate (or successively higher) authority over him, Mr. McMillan has the ultimate burden of proving, by a preponderance of the evidence, that:

1. He was subjected to harassment, either through words or actions, based on race;

2. A reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to be hostile or abusive;

3. Mr. McMillan personally believed the workplace environment to be hostile or abusive; and

4. Such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of Mr. McMillan's employment.

Unless Mr. McMillan can prove each essential element of his claims by a preponderance of the credible evidence, your verdict must be in favor of the Hotel.

Stated differently, if Mr. McMillan fails to prove just one of the essential elements of his claims, he has not met his burden of proof.[13]


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[13]     Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998); Eleventh Cir. Pattern Civ. Jury Instr. § 1.2.2 (2005); Eighth Cir. Civ. Jury Instr. § 5.42 (2011); Proposed Civil Pattern Jury Instructions – Employment Discrimination, Judge Hornby, U.S.D.C., District of Maine § 2.2 (2011).

DEFENDANT'S PROPOSED CHARGE # 15

**(Hostile Work Environment by Co-Workers)**

To establish his claim of a racially hostile work environment under Title VII and Section 1981 based on conduct by a co-worker, Mr. McMillan has the ultimate burden of proving, by a preponderance of the evidence, that:

(1)   He was subjected to harassment, either in words or in actions;

(2)   Such conduct was unwelcome;

(3)   Such conduct was based on Mr. McMillan's race;

(4)   Such conduct was sufficiently severe or pervasive that a reasonable person in Mr. McMillan's position would find his work environment to be objectively hostile or abusive;

(5)   At the time such conduct occurred and as a result of such conduct, Mr. McMillan actually believed his work environment to be hostile and abusive;

(6)   The Hotel knew or should have known of Mr. McMillan's co-workers' alleged harassment; and

(7)   The Hotel failed to take prompt and appropriate corrective action to end the harassment.

If any of the above elements has **not** been proven by the preponderance of the evidence, your verdict must be for the Hotel and you need not proceed further in considering this claim.[14]

---

[14]   Proposed Civ. Pattern Jury Instr. – Employment Discrimination, Judge Hornby, U.S.D.C., District of Maine, § 3.383 (2011) (Adapted from Model Civ. Jury Instr. Eighth Circuit

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

§5.43 (2001).

DEFENDANT'S PROPOSED CHARGE # 16

**(Requirements for Proving Severe or Pervasive Harassment Under Federal Law)**

The alleged harassment must be sufficiently severe or pervasive to alter the conditions of Mr. McMillan's employment and create an abusive working environment. That is, conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive.  Likewise, Mr. McMillan must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of his employment.

Conduct that is not severe or pervasive enough to create an *objectively* hostile or abusive work environment – that is, an environment that a reasonable person would find hostile or abusive – is not actionable.  To determine whether employee's work environment is objectively hostile for purposes of a Title VII hostile environment claim, the perspective of the particular ethnic group, such as a "reasonable African-American," should *not* be considered.[15]  Conduct that can be categorized as a few isolated incidents, teasing, casual comments or sporadic conversation will not be deemed to create hostile work environment.[16]  Put another way, isolated incidents or episodic conduct will not support a hostile work

---

[15]     Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426 (2d Cir. 1999), *abrogated on other grounds* by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).
[16]     Dean v. Westchester County Dist. Attorneys' Office, 119 F. Supp.2d 424, 428 (S.D.N.Y. 2000); Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 436-37 (2nd Cir. 1999).

environment claim.[17]

Likewise, if Mr. McMillan does not *subjectively* perceive the environment to be abusive, the conduct has not actually altered the conditions of Mr. McMillan's employment, and there is no Title VII violation.[18]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[17]     Brown v. Coach Stores, Inc., 163 F.3d 706, 713 (2nd Cir. 1998) (holding that a supervisor's alleged actions of making racist remarks on occasion, and directing one such comment at the employee, did not constitute discriminatory behavior that was sufficiently severe or pervasive to cause a hostile environment in violation of Title VII).
[18]     Faragher v. City of Boca Raton, 118 S. Ct. 2275, 2293 (1998); Burlington Indus., Inc. v. Ellerth, 118 S. Ct. 2257, 2270 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65 (1986).

DEFENDANT'S PROPOSED CHARGE # 17

**(Affirmative Defense to Hostile Work Environment Claims Under Federal Law)**

The Hotel denies Mr. McMillan's claim of racial harassment, which Mr. McMillan must prove by a preponderance of the evidence.  In addition to denying Mr. McMillan's claim, the Hotel has asserted an affirmative defense.

Where, as here, the Hotel has taken no tangible employment action against Mr. McMillan, such as firing, demoting or reducing his pay, your verdict must be for the Hotel on Mr. McMillan's claim of racial harassment if the Hotel proves, by a preponderance of the evidence that:

    (1)    the Hotel exercised reasonable care to prevent and correct promptly any racially harassing behavior; and

    (2)    that Mr. McMillan unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Hotel.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer: (a) that the employer had promulgated an explicit policy against race harassment in the workplace; (b) that such policy was fully communicated to its employees; and (c) that such policy provided a reasonable avenue for Mr. McMillan to make a complaint to higher management.

Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee

"unreasonably failed" to take advantage of a corrective opportunity.[19]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[19]     Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998); Swinton v. Potomac Corporation, 270 F.3d 794, 802 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002).

DEFENDANT'S PROPOSED CHARGE # 18

**(Hostile Work Environment – New York City Human Rights Law ("NYCHRL")**

To establish his claim of a racially hostile work environment under the

NYCHRL, Mr. McMillan has the ultimate burden of proving, by a preponderance

of the evidence, that:

(1)     He is a member of a protected class;

(2)     He was subjected to harassment, either through words or actions, based on race;

(3)     He was treated less well than others who are not African American; and

(4)     The harassment constituted **more** than what a reasonable person would consider "petty slights" and "trivial inconveniences."[20]

Unless Mr. McMillan can prove each essential element of his claims by a

preponderance of the credible evidence, your verdict must be in favor of the Hotel.

Stated differently, if Mr. McMillan fails to prove just one of the essential elements

of his claims, he has not met his burden of proof.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[20]     Williams v. New York City Housing Authority, 61 A.D.3d 62, 76, 872 N.Y.S.2d 27, 38 (1st Dep't 2009); accord, Loeffler v. Staten Island University Hosp., 582 F.3d 268, 279 (2d Cir. 2009).

DEFENDANT'S PROPOSED CHARGE # 19

**(Requirements for Proving Harassment Beyond Petty Slights and Trivial Inconveniences Under the NYCHRL)**

While "claims under the [c]ity [c]ode do not require the harassment . . . to be as 'severe or pervasive' as that required under Title VII," circumstances that do not rise *at least* to the level of "borderline" violations under Title VII are not actionable under the NYCHRL.[21]  "[T]he primary issue ... is whether [Mr. McMillan] has proven by a preponderance of the evidence that [he] has been treated less well than other employees because of [his race]."[22]  However, "the NYCHRL [is] not a 'general civility code' and 'petty slights and trivial inconveniences' [are] still non-actionable under the law."[23]

For example, when "the incidents alleged amount[ed] to only sporadic insensitive comments," courts have found that such allegations did not meet the requirements of a hostile work environment under the City law.[24]

If Plaintiff fails to prove that he suffered harassment beyond such petty slights and trivial inconveniences, you must find for the Defendant on Plaintiff's

---

[21]    Kramsky v. Chetrit Group, LLC, 2011 WL 2326920, at *8 (citing Williams, 61 A.D.3d 62 at 76); Woodard v. TWC Media Solutions, Inc., 2011 WL 70386, at *9 (S.D.N.Y. 2011) (citing Williams, 872 N.Y.S.2d at 41.
[22]    Williams, 872 N.Y.S.2d at 39.
[23]    Mihalik v. Credit Agricole Cheuvreux North America, Inc., No. 09 Civ. 1251, 2011 WL 3586060, at *9 (S.D.N.Y. July 29, 2011) (quoting Williams at 78–80).
[24]    Fullwood v. Assoc. for the Help of Retarded Children, Inc., 08 Civ. 6739(DAB), 2010 WL 3910429, at *9 (S.D.N.Y. Sept. 28, 2010) (granting summary judgment for defendants where plaintiff alleged that defendant made offensive racial comments on four separate occasions over a two-year period); see also Diagne v. New York Life Ins. Co., 2010 WL 5625829, at *16–17 (S.D.N.Y.  Dec. 8, 2010).

hostile work environment claim under the NYCHRL.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DEFENDANT'S PROPOSED CHARGE # 20

**(Damages – General Instruction)**

I will now give you instructions about how to calculate damages.  You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages.  Those decisions are entirely for you to make.  I am giving you these instructions solely for your guidance, in the event that you find in favor of Mr. McMillan on his claim against the Hotel.  The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide.  If you find for Mr. McMillan on his claim that the Hotel discriminated against him because of his race, then you must determine whether he is entitled to damages in an amount that is fair compensation.

You may award compensatory damages only for injuries that Mr. McMillan proved were caused by the Hotel's allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by the Hotel's discrimination.  There is no exact standard for fixing the compensation to be determined for these elements of damage.  Any award you make should be fair in light of the evidence produced at trial.  In determining the amount of damages, you should be guided by

dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.  On the other hand, the law does not require that Mr. McMillan prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[25]

You may not consider the cost to Mr. McMillan of hiring an attorney.  Those attorneys' fees are determined by the court, if necessary, and may not be included in your damages award.[26]

If you find in favor of Mr. McMillan under Instructions 14, 15 or 18, but you do not find that Mr. McMillan's damages have monetary value, then you must return a verdict for Mr. McMillan in the nominal amount of One Dollar ($1.00).[27]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[25]      O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 128.60 (5th ed. 2001) (as modified); Devitt, Blackmar and Wolf, Federal Jury Practice and Instructions, §§ 104.05, 104.06, & 104A.11 (1987 & Supp. 1993).
[26]      Standing Orders, Jury Instructions - Title VII Discrimination, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.
[27]      Eighth Circuit Model Civ. Jury Instr. §5.22B (2011).

DEFENDANT'S PROPOSED CHARGE # 21

**(Punitive Damages Under Federal Law)**

I instruct you that if you find in favor of Mr. McMillan on his hostile work environment claims, then you may award Mr. McMillan punitive damages. The law permits the jury, under certain circumstances, to award Mr. McMillan punitive damages against the Hotel in order to punish the Hotel for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If Mr. McMillan proves by a preponderance of the evidence that he is entitled to a verdict in his favor on his hostile work environment claims, and you further find that the Hotel's actions were done with malice or with reckless indifference to Mr. McMillan's rights under federal and/or city law, then in addition to any damages to which you find Mr. McMillan is entitled, you may, but are not required, to award an additional amount as punitive damages.[28]

An act is with "malice" if it is done or prompted or accompanied by ill will or spite or grudge toward the injured person individually. An employer acts with reckless indifference to an employee's rights when it fails to take appropriate steps to prevent or address harassment, and knows that this failure violates the law. I instruct you that if the Hotel made a good faith effort to comply with the law by implementing policies and programs designed to prevent such unlawful

---

[28]     Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999).

discrimination in the workplace then Mr. McMillan would <u>not</u> be entitled to punitive damages.

Whether to award Mr. McMillan punitive damages and the amount of those damages are within your discretion. I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the Hotel. However, the amount of punitive damages should be fair and reasonable and should be proportionate to the need to punish the Hotel and to deter others from like conduct but should not be based on the whim of unrestrained imagination. Punitive damages must bear a reasonable relationship to a plaintiff's actual injury. You should consider the amount of compensatory damages awarded in determining the amount of punitive damages.[29]

 _____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[29]    Proposed Civil Pattern Jury Instructions – Employment Discrimination, Judge Hornby, United States District Court, District of Maine, §8.1 (2009); Kevin O'Malley, Jay Grenig, & William Lee, 3 Fed. Jury Prac. & Instr. § 172.74 (5th ed. 2001) (as revised). <u>See</u> <u>Jordan v. Bates Adver. Holdings, Inc.</u>, 816 N.Y.S.2d 310, 322 (Supr. Ct. 2006) ("In analyzing whether to sustain an award of punitive damages under the New York City Human Rights Law, state courts apply the same framework used by the federal courts in actions brought pursuant to Title VII"); <u>see also</u> <u>Tse v. UBS Fin. Servs., Inc.</u>, 568 F. Supp. 2d 274, 311-12 (S.D.N.Y. 2008) (noting that the same standard applies to claims for punitive damages under both Title VII and the NYCHRL).

DEFENDANT'S PROPOSED CHARGE # 22

**(Punitive Damages Under NYCHRL)**

In deciding whether to award punitive damages and if so, in what amount, the factors below should be considered in eliminating or lowering the amount of punitive damages to be awarded.  Those factors are that the Hotel:

(1)   Established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, including but not limited to:

   (i)   A meaningful and responsive procedure for investigating complaints of discriminatory practices by employees and for taking appropriate action against those persons who are found to have engaged in such practices;

   (ii)   A firm policy against such practices which is effectively communicated to employees;

   (iii)   A program to educate employees about unlawful discriminatory practices under local, state and federal law; and

   (iv)   Procedures for the supervision of employees specifically directed at the prevention and detection of such practices; and

(2)   A record of no, or relatively few, prior incidents of similar discriminatory conduct by the same employee or employees.[30]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

---

[30]   <u>Thompson v. American Eagle Airlines, Inc.</u>, 2000 WL 1505972, 11 (S.D.N.Y. 2000).

## <u>CERTIFICATE OF SERVICE</u>

I, Kimberley E. Lunetta, hereby certify that a true and correct copy of Defendant's Proposed Jury Instructions was served via electronic mail and ECF this 18th day of November, 2011 upon the following:

Darnley Dickinson Stewart, Esq.
Giskan, Solotaroff & Anderson, LLP
11 Broadway
Suite 2150
New York, NY 10004

*Attorney for Plaintiff*
*Freddrick McMillan*

/s/ Kimberley E. Lunetta
Kimberley E. Lunetta

DB1/ 68470560.4